UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHARON-SHAWN A. BELL, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil Action No. 22-30102-MGM |
| JOHNATHAN TRENTZCH, *Captain 2nd Precinct Woodlawn Baltimore County*, et al., | * * * | |
| Defendants. | * | |

## **ORDER**

September 20, 2022

MASTROIANNI, U.S.D.J.

*Pro se* litigant Sharon-Shawn A. Bell, who resides in Holyoke, Massachusetts, brings this civil rights action against persons employed by the State of Maryland or one of its municipalities. According to Bell, their alleged misconduct occurred in Maryland.

Because venue is not proper in the District of Massachusetts, the Court will order that this action be transferred to the United States District Court for the District of Maryland.

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. "In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979) (emphasis added). "[T]he venue statutes reflect Congress' intent that venue should always lie in *some* federal court whenever

federal courts have personal jurisdiction over the defendant." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Texas*, 571 U.S. 49, 56 (2013).

> The general venue statute provides that a civil action may be brought in:
>
> (1) a judicial district in which any *defendant* resides, if *all defendants* are residents of the State in which the district is located; (2) a judicial district in which a s*ubstantial part of the events or omissions giving rise to the claim occurred*, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which *any defendant* is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (emphases added). Under the alleged facts of this case, this statute does not provide venue in the District of the Massachusetts. Subsection (1) is inapplicable because the defendants are not residents of Massachusetts. Subsection (2) does not support venue in this Court because the events giving rise to Bell's claims did not occur in Massachusetts. Because venue exists in the District of Maryland, subsection (3) is irrelevant. Further, nothing in the complaint suggests that this Court could exercise personal jurisdiction over any of the defendants.

In the present action, Plaintiff included a copy of this transfer order. *See* ECF No. 1-3 at 11-12. Bell wrote in the bottom margin of the order: "If the Defedent is the U.S. Government then Jurisdiction is ALWAYS where the Plaintiff Resides." *Id.* at 11 [sic]. In the same notation, she accuses Judge O'Toole of "Judicial Misconduct, Malicious Prejudice." *Id.*

Certain types of actions against the United States may be prosecuted in the judicial district where the plaintiff resides regardless of where the federal government's alleged misconduct occurred. *See, e.g.*, 28 U.S.C. § 1402(b). Here, however, Bell brings claims against state and local officers in the state of Maryland. Neither the United States nor its employees or officers are defendants in this action. Thus, venue is governed by 28 U.S.C. § 1391(b)

Accordingly, pursuant to 28 U.S.C. § 1404, the Court hereby orders that the Clerk transfer this action to the United States District Court for the District of Maryland. Whether Bell should be

2

permitted to proceed without prepayment of fees is a determination to be made by the transferee court.

It is So Ordered.

/s/Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge